**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-01581-REB

LOUISE L. FOSTER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION**
**AND DIRECTING AWARD OF BENEFITS**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3], filed July 25, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and direct an award of benefits in plaintiff's favor.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of depression, degenerative disc disease, and right shoulder arthropathy and tendinopathy. After her application for supplemental security income benefits was denied initially, plaintiff requested a hearing before an administrative law judge. A hearing was held on May 11, 2006, and resulted in an unfavorable decision. The Appeals Council reversed, and a second hearing was

held on August 13, 2007.  At the time of this latter hearing, plaintiff was 55 years old. She has a high school education and past relevant work experience as a security guard and rental clerk.  Plaintiff has not engaged in substantial gainful activity since the date of her application for benefits, November 18, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  He found that a variety of other potential impairments, including depression, were not severe.  The ALJ found that plaintiff had the residual functional capacity to perform light work with some postural limitations and, thus, could return to her past relevant work.  Plaintiff, therefore, was found not disabled both at step four of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(g).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff presents several, largely interrelated grounds of alleged error.  Because I find her arguments regarding the ALJ's assessment of the various medical opinions

4

regarding her physical residual functional capacity dispositive, I do not address her remaining arguments.

The record contained four physician opinions regarding plaintiff's physical functional capacity. Plaintiff's treating physician, Dr. Victoria Mallon, and two consultative examiners, Dr. Robert Maisel and Dr. Thomas Bartlett, all believed that plaintiff could lift no more than ten pounds occasionally. (*See* Tr. 248, 72, 115.) After the case was remanded by the Appeals Council, a third consultative examiner was engaged. Dr. William Qutub stated that plaintiff could lift up to 20 pounds occasionally. (Tr. 202.) The ALJ afforded this latter opinion dispositive weight, finding it "more consistent with the mild objective findings and observed level of functioning when [plaintiff] is distracted from the actual examination." (Tr. 22.)

In so finding, the ALJ improperly substituted his own lay opinion on the implications of the medical evidence for that of the medical sources. ***See McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002). It is abundantly clear from the structure, as well as the language, of the ALJ's opinion that he believed plaintiff to be malingering. His conclusions regarding plaintiff's credibility, while understandable and appropriate in the context of assessing her own reports of functional limitation, were not properly interposed into his assessment of the medical evidence. The ALJ specifically rejected Dr. Maisel and Dr. Bartlett's opinions because of the "symptom magnification" noted by those examiners. (Tr. 22.) Yet this explanation does not in any way differentiate these opinions from that of Dr. Qutub, who also noted that plaintiff had exaggerated responses and gave questionable effort during his examination. (Tr. 197.)

The ALJ was in no position to say, based on his own assessment of the medical findings, that Drs. Maisel and Bartlett had been misled by plaintiff's apparent over-dramatization of her symptoms but that Dr. Qutub had not.  Moreover, nothing in either Dr. Maisel's or Dr. Bartlett's opinion indicates that either of them did not account for any possible malingering in making their respective functional capacity assessments.[1]  If the ALJ questioned whether Dr. Maisel or Dr. Bartlett had accounted for symptom magnification in rendering their opinions, it was his duty to recontact them for further clarification on that point.[2]  *See* 20 C.F.R. § 416.919p(b).  Other than by substituting his own judgment as to plaintiff's credibility for that of a medical source, the ALJ was not in a position to state that the medical record supported any particular functional lifting limitation.  *See McGoffin*, 288 F.3d at 1252.

Moreover, the opinions of Drs. Maisel and Bartlett were consistent with that of plaintiff's treating physician, Dr. Mallon.  Yet the ALJ assigned no weight to Dr. Mallon's opinion, finding it "inconsistent with the objective evidence and the recent findings of Dr. Qutub." (Tr. 22.)  Of course, the ALJ may discredit a treating source opinion if it is, *inter alia*, unsupported by the medical evidence of record.  *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987); *see also* 20 C.F.R. § 416.927(d)(2).  Here, however, as the ALJ gave insupportable reasons for discrediting the opinions of Drs. Maisel and Bartlett,

---

[1] Indeed, the Appeals Council itself noted as much in remanding the case to the ALJ for further consideration. (Tr. 144.) ("The Appeals Council notes that neither examining physician showed diagnosis [sic] of symptom exaggeration or malingering.")

[2] Indeed, I must agree with plaintiff that the succession of consultative examinations to which she was subjected in this matter looks suspiciously like opinion-shopping.

6

his justification for dismissing Dr. Mallon's opinion as inconsistent with the evidence does not withstand scrutiny.  The ALJ's conclusion in this regard thus is not supported by substantial evidence and must be reversed.

Plaintiff asks the court to forgo remand and direct the Commissioner to award her benefits.  I find the circumstances of this case present an appropriate opportunity for the exercise of my discretion in that regard.  **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).  Three different doctors have opined that plaintiff can lift no more than ten pounds occasionally.  As explained, the evidence to the contrary does not constitute substantial evidence, and the treating physician's opinion, therefore, is properly entitled to controlling weight.  The vocational expert testified that such a restriction would eliminate plaintiff's past relevant work and would limit her to sedentary work.  (Tr. 317).  **See** 20 C.F.R. § 416.967(a).  For someone of plaintiff's age, education, and previous work experience, with no evidence of any transferable skills, section 201.14 of the Medical Vocational Guidelines directs a finding of disabled.  **See**  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, § 201.14.  **See also id.**, App. 2, § 200.00(g) ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work.  When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains.").  Under these circumstances, a remand would only serve to further delay an award of benefits to which plaintiff is clearly entitled.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2.  That **JUDGMENT SHALL ENTER** in favor of plaintiff and against the Commissioner;

3.  That the Commissioner is **DIRECTED** to award plaintiff benefits as of the date of her application for benefits; and

4. That plaintiff is **AWARDED** her costs to be taxed by the Clerk of the Court pursuant to **FED.R.CIV.P**. 54(d)(1) and **D.C.COLO.LCivR** 54.1, and as permitted by 28 U.S.C. § 2412(a)(1).

Dated July 21, 2009, at Denver, Colorado.

                                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge